IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHANAN TIGAY<br>4140 Montgomery St.<br>Oakland, CA 94611<br><br>      Plaintiff,<br><br>      v.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT<br>500 12th Street SW<br>Washington, DC 20536<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No: 20-cv-32<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**

**I. INTRODUCTION**

1. Plaintiff Chanan Tigay ("Plaintiff") brings this action seeking declaratory and injunctive relief to redress violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et. seq.*, by Defendant U.S. Immigration and Customs Enforcement (hereinafter "ICE") in failing to provide Plaintiff with all non-exempt records responsive to his March 1, 2018, FOIA request to this federal agency, seeking any and all e-mails sent and received between Peter T. Edge, the HSI Executive Associate Director and Senior Official Performing the Duties of the Deputy Director, and Angel M. Melendez,

the special agent in charge of ICE Homeland Security Investigations in New York City, between the dates of September 15, 2016 and October 15, 2016.

## II. JURISDICTION

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) (FOIA citizen suit provision) and 28 U.S.C. § 1331 (federal question).

## III. VENUE

3. Venue in this Court is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

## IV. PARTIES

4. Plaintiff, Chanan Tigay, is an individual that, at all times relevant herein, has resided in Alameda County, California.

5. Defendant U.S. Immigration and Customs Enforcement is federal agency of the United States, and sub-component of the United States Department of Homeland Security, and as such, is an agency subject to the FOIA, pursuant to 5 U.S.C. § 552(f).

## V. LEGAL FRAMEWORK OF FOIA

6. FOIA requires, *inter alia*, that all federal agencies must promptly provide copies of all non-exempt agency records to those persons who make a request for records that reasonably describes the nature of the records sought, and which conform with agency regulations and procedures in requesting such records. 5 U.S.C. § 552(a)(3)(A).

7. FOIA requires federal agencies to make a final determination on all FOIA requests that it receives within twenty days (excepting Saturdays, Sundays, and legal

public holidays) after the receipt of such request, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(I).

8. FOIA also requires federal agencies to make a final determination on FOIA administrative appeals that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(ii).

9. FOIA expressly provides that a person shall be deemed to have constructively exhausted their administrative remedies if the agency fails to comply with the applicable time limitations provided by 5 U.S.C. § 552(a)(6)(A)(I) - (ii). *See* 5 U.S.C. § 552(a)(6)C).

10. FOIA provides that any person who has not been provided the records requested pursuant to FOIA, after exhausting their administrative remedies, may seek legal redress from the Federal District Court to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.

11. Under FOIA, the federal agency has the burden to sustain its actions. 5 U.S.C. § 552(a)(4)(B).

12. Pursuant to FOIA, this Court may assess attorney fees and litigation costs against the United States if the Plaintiff prevails in this action.  5 U.S.C. § 552(a)(4)(E).

## VI.  FACTUAL ALLEGATIONS

13.  On or about March 1, 2018, Plaintiff sent a FOIA request to the U.S. Immigration and Customs Enforcement (ICE), seeking any and all e-mails sent and received between Peter T. Edge, the HSI Executive Associate Director and Senior Official Performing the Duties of the Deputy Director, and Angel M. Melendez, the special agent in charge of ICE Homeland Security Investigations in New York City, between the dates of September 15, 2016 and October 15, 2016.

14.  On or about March 20, 2018, Plaintiff received an email from ICE acknowledging receipt of Plaintiff's March 1, 2018, FOIA request and assigning it as reference number 2018-ICFO-25080.

15.  On or about April 30, 2018, Plaintiff sent an email to ICE inquiring as to the status of his March 1, 2018 FOIA request.

16.  On or about May 3, 2018, ICE sent an email to Plaintiff indicating that it was still processing Plaintiff's FOIA request.

17.  On or about May 3, 2018, Plaintiff sent an email to ICE acknowledging its update earlier in the day.

18.  On or about May 25, 2018, Plaintiff sent another email to ICE requesting a status update on the FOIA request the subject of this complaint.

19.  On or about June 18, 2018, Plaintiff once again requested a status update via email from ICE regarding the status of his March 1, 2018 FOIA request.

20. On or about October 29, 2018, Plaintiff emailed ICE again, requesting the status of his March 1, 2018, FOIA request.

21. On or about May 29, 2019, Plaintiff sent another email to ICE inquiring as to the status of his March 1, 2018, FOIA request.

21. On or about June 7, 2019, ICE sent an email to Plaintiff, indicating that his March 1, 2018, FOIA request was in the queue of the agency's pending FOIA request matters, and waiting to be processed.

22. On or about June 19, 2019, Plaintiff sent an email to ICE, inquiring where Plaintiff's March 1, 2018 request was in the agency's queue of pending FOIA request matters, and also requesting an estimate as to when he would receive a responsive decision for this record request.

23. On or about July 1, 2019, Plaintiff emailed ICE, once again asking where his FOIA request was in the agency FOIA request queue, as well as when a response would be provided by the agency to his March 1, 2018 FOIA request.

24. On or about July 15, 2019, Plaintiff sent another email to ICE, requesting a status update of his March 1, 2018 FOIA request.

25. On or about July 16, 2019, ICE sent an email to Plaintiff, indicating that his March 1, 2018, FOIA request was being processed.

26. On or about July 16, 2019, Plaintiff sent an email to ICE, once again requesting to know where his request was in the agency's FOIA processing queue.

27. On or about July 23, 2019, Plaintiff emailed ICE, once again inquiring as to where his request was in the agency's FOIA request queue, and when he would receive the responsive documents to his March 1, 2018, FOIA request.

28. On or about November 14, 2019, Plaintiff sent another email to ICE, once again requesting information on where his March 1, 2018, FOIA request was in the agency queue, and when he could expect to receive responsive records from ICE for this record request matter.

29. On or about December 22, 2019, Defendant ICE sent an email to Plaintiff stating that Defendant was still processing Plaintiff's FOIA request, and that the agency was unable to provide an estimated completion date.

30. As of the date of the filing of this action Plaintiff Chanan Tigay has still not received any agency decision, nor any of the records which he requested in his March 1, 2018, FOIA request to Defendant ICE.

## VII. CLAIMS FOR RELIEF

31. Plaintiff realleges, as if fully set forth herein, paragraphs 1-30 previously set forth herein.

32. Defendant ICE has violated FOIA by failing to provide Plaintiff with all non-exempt responsive records for his March 01, 2018, FOIA request.

33. By failing to provide Plaintiff with all non-exempt responsive record to his

March 01, 2018, FOIA request as described in paragraph 13 above, Defendant ICE has denied Plaintiff's right to this information as provided by the Freedom of Information Act.

34. Defendant ICE has violated FOIA by failing to perform an adequate search reasonably calculated to locate all responsive records to Plaintiff's March 1, 2018, FOIA request.

35. By failing to perform an adequate search reasonably calculated to locate all responsive records to Plaintiff's March 1, 2018, FOIA request, Defendant ICE has denied Plaintiff's right to this information provided by law under the Freedom of Information Act.

36. Unless enjoined by this Court, Defendant ICE will continue to violate Plaintiff's legal rights to be provided with copies of the records which he has requested in his FOIA request described in paragraph 13 above.

37. Plaintiff is directly and adversely affected and aggrieved by Defendant ICE's failure to provide responsive records to its March 1, 2018, FOIA request described above.

38. Plaintiff has been required to expend costs and to obtain the services of a law firm, consisting of attorneys, law clerks, and legal assistants, to prosecute this action.

39. Plaintiff is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA 5 U.S.C. § 552(a)(4)(E).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment for Plaintiff, providing the following relief:

1. Declare Defendant ICE has violated FOIA by failing to provide Plaintiff with all non-exempt records responsive to his March 1, 2018, FOIA request.

2. Declare Defendant ICE has violated FOIA by failing to complete an adequate search for records responsive to Plaintiff's March 1, 2018, FOIA request.

3. Direct by injunction that Defendant ICE perform an adequate search for records responsive to his March 1, 2018, FOIA request, and provide Plaintiff with all non-exempt responsive records to his March 1, 2018, FOIA request.

4. Grant Plaintiff's costs of litigation, including reasonable attorney fees, as provided by FOIA, 5 U.S.C. § 552(a)(4)(E); and,

5. Provide such other relief as the Court deems just and proper.

DATED: This 6th day of January, 2020.

Respectfully submitted,

/s/
Daniel J. Stotter (WI0015)
STOTTER & ASSOCIATES LLC
408 SW Monroe Ave., Ste. M210E
Corvallis, Oregon 97333
(541) 738-2601
dstotter@qwestoffice.net

**Attorney for Plaintiff**